AMERICAN EXPRESS COMPANY *v.* JAMES L. BRADFORD.

WITNESS. *Depositions. Evidence. Physician. Code* 1892, §1747.

> The fact that a witness is a physician, living in another county, having a large practice and whose professional engagements are so much more than ordinarily numerous as to render it likely that he will be unable to attend court, does not authorize the taking of his deposition, under code 1892, § 1747, providing that the deposition may be taken of a witness who is about to depart from the state, or who, by reason of age, sickness or "other cause," shall be unable, or likely to be unable, to attend court.

FROM the circuit court of, second district, Coahoma county. HON. JAMES H. NEVILLE, Judge.

Bradford, appellee, was plaintiff in the court below; the express company, appellant, was defendant there. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

The suit was for the value of a dog, alleged to have been killed by defendant. The deposition of a physician, Dr. Harrison, was taken by plaintiff upon an affidavit averring that he was a material witness in plaintiff's behalf, residing in an adjoining county (Tallahatchie), a practicing physician, having a large practice, whose professional engagements were more than ordinarily numerous, especially during the month of October (the time of the court), and, in consequence, it is likely he will be unable to attend court. A motion was made by defendant to suppress the deposition, but the court below overruled the same and defendant duly excepted.

*Cook & Alcorn,* for appellant.

The deposition of witness, Dr. W. H. Harrison, should have been suppressed.

The reasons given for the taking of this deposition were not sufficient. (Code 1892, § 1747.)

*John W. Cutrer,* for appellee.

Section 1747 of the code of 1892 provides that "Depositions of witness residing, or being, within this state, may be taken in civil causes in the circuit court, when the person whose testimony is required shall be about to depart from the state, or by reason of age, sickness, or other cause, shall be unable or likely to be unable, to attend the court."

Attached to the deposition of the witness, W. H. Harrison, is the affidavit of the attorney for appellee, which, in substance, is that the witness is a material witness for the plaintiff, and that it is necessary to take his deposition because of the fact that he is likely to be unable to be present at the trial of the cause, because of the fact that he is a physician, with a large practice, extending over a large scope of territory, and that his professional engagements are such that it is not likely that he will be able to attend the trial.   It was to meet such cases as this that that part of section 1747 of the code of 1892 above quoted was enacted.   If the person whose testimony is required is a material witness, and is not likely to be present at the trial for any cause, then his testimony may be taken by deposition.

CALHOON, J., delivered the opinion of the court.

We think the motion to suppress the deposition of Dr. Harrison should have been sustained, for insufficiency of the affidavit required by code 1892, § 1747.   That one is a physician in large practice, "and that it is likely that the said witness will be unable to attend trial," etc., does not, in our opinion, bring the instance within the category meant by the words "or other cause" in clause 1 of that statute.

*Reversed and remanded.*